**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERICIA APOLINAR,

    Plaintiff,

v.                                                   Case No: 8:23-cv-445-CEH-JSS

EQUIFAX DATA SERVICES LLC,
OLYMPUS LENDING FLA LLC,
OLYMPUS LENDING LLC and
LOANPRO SOFTWARE, LLC,

    Defendants.
_____/

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand and for Attorney's Fees (Doc. 10), filed on March 7, 2023. In the motion, Plaintiff Ericia Apolinar, requests the Court enter an order remanding this case to the Small Claims division of the County Court of the Tenth Judicial Circuit, in and for Polk County, Florida. Plaintiff also seeks attorney's fees for the improvident removal. On March 15, 2023, Plaintiff filed a supplement to the motion indicating that Defendant Equifax Data Services, LLC, consents to remand. Doc. 11. The supplement further indicates that Defendants Olympus Lending Fla. LLC and Olympus Lending LLC (collectively "Olympus Lending entities") oppose the motion (Doc. 11 at 1), but the Olympus Lending entities have not yet appeared in this action and have not filed a response in opposition. The Court, having considered the motion and being fully advised in the

premises, will grant Plaintiff's request to remand this case to County Court in Polk County, Florida, and deny Plaintiff's request for attorney's fees.

## BACKGROUND

On February 1, 2023, Plaintiff initiated this action in the Small Claims division of the County Court of the Tenth Judicial Circuit, in and for Polk County, Florida. Doc. 1-1 at 6–20. In a six-count Complaint, Plaintiff sues Defendants for violation of Florida's Civil Remedies for Criminal Practices Act, Fla Stat. § 772.101, *et seq*. ("CRCPA"); violation of the Florida Consumer Practices Act, Fla. Stat. § 559.55, *et seq*. ("FCCPA"); and for unjust enrichment. *Id.* On February 28, 2023, Defendant Equifax removed the action to this Court pursuant to this Court's original jurisdiction under 28 U.S.C. § 1331 on the basis that Plaintiff alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against Defendants. Doc. 1 at 2.

On March 7, 2023, Plaintiff moved to remand. Doc. 10. As Plaintiff's motion points out, the Complaint does not allege a claim under the FCRA or any other federal law. Plaintiff's claims are solely state law claims. As such, Plaintiff argues the action was improperly removed and seeks an award of attorney's fees under 28 U.S.C. § 1447(c), arguing that Defendant Equifax lacked an objectively reasonable basis for removal.

Subsequent to filing the motion to remand, Plaintiff filed a supplement to the motion indicating that Equifax does not oppose remand. Doc. 11. On the same date, Plaintiff filed a Notice of Settlement as to Defendant Equifax Data Services, LLC.

2

Doc. 12. Although the supplement indicated that the Olympus Lending entities opposed the motion, they have not responded to the motion to remand.

## LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, as long as the district court has jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala. v. Am. Tobacco*, 168 F.3d 405, 411–412 (11th Cir. 1999) ("The burden of establishing subject matter jurisdiction falls on the party invoking removal.").

Federal question jurisdiction is a proper basis for a defendant to remove a civil action to federal court. *See* 28 U.S.C. § 1441(a). The presence or absence of a federal question is governed under the "well-pleaded complaint" rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Additionally, Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1).

## DISCUSSION

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "Federal courts are courts of limited jurisdiction." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). And "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Here, there is no claim that the Court's jurisdiction is invoked on the basis of diversity under § 1332 as the claims, having been filed in small claims court, no doubt cannot meet the $75,000 jurisdictional amount in controversy for purposes of diversity jurisdiction. As for federal question jurisdiction, no federal claim appears on the face of Plaintiff's Complaint. Accordingly, the Court lacks subject matter jurisdiction, and this action is due to be remanded.

Plaintiff's motion seeks attorney's fees for the improper removal. An award of fees under § 1447(c), is discretionary. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). After filing the motion to remand, Plaintiff settled her claims with Defendant Equifax. Doc. 12. The Notice indicated that upon consummation of the settlement terms, Plaintiff would dismiss Equifax with prejudice. Nowhere in the Notice did Plaintiff indicate that the settlement was contingent upon a grant of fees under the instant motion. In fact, with regard to carving out claims, the

4

Notice only specifically stated that it did not affect the claims against the remaining Defendants. Thus, the Court exercises its discretion to decline the request to award attorney's fees and costs to Plaintiff for the removal by Equifax, as Plaintiff has settled her claims against Equifax. And although the motion indicates the Olympus Lending entities oppose remand, they have not yet appeared in this litigation, nor did they file the notice of removal. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion to Remand and for Attorney's Fees (Doc. 10) is **GRANTED-in-part** and **DENIED-in-part**.

2. Plaintiff's motion is **GRANTED** to the extent that this case is **REMANDED** to the County Court of the Tenth Judicial Circuit in and for Polk County, Florida, for lack of subject matter jurisdiction.

3. Plaintiff's request for attorney's fees is **DENIED**.

4. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the County Court, in and for Polk County, Florida.

5. The Clerk is further directed to terminate any pending deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on March 29, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any